**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDER CLARKE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21 cv 4522 |
| LEMONADE INC. | ) ) | |
| Defendant. | ) ) ) | |

<u>**NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lemonade Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.     Threshold Requirements**

1.      On July 22, 2021, Plaintiff Alexander Clarke ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Alexander Clarke v. Lemonade Inc.*, No. 2021-CH-03593 (the "State Court Action").

2.      Defendant was served with a copy of the Complaint and Summons in the State Court Action through its registered agent on July 26, 2021.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1**.

5.      Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of Defendant's AI-powered insurance application. (Ex. 1 ("Compl."), ¶¶ 6-7). Specifically, Plaintiff alleges that Defendant "collects the facial geometry of customers who use the App" and "publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information" and "did not inform Plaintiff and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated" and "systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the consent required." (Compl. ¶¶ 58, 83, 93, 102).  Based on those allegations, Plaintiff asserts three counts of alleged violations of BIPA, in both his individual and representative capacity.  (Compl. ¶¶ 77-104). Plaintiff seeks to represent a putative class of "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, used, transmitted, received or otherwise obtained and/or disseminated by Lemonade within the State of Illinois within the applicable limitations period (the "Class").  (Compl. ¶ 71.)

6.      The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiffs bring in this case.  *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a). Plaintiffs allege that Lemonade failed to maintain retention schedules and guidelines for permanently destroying biometric data. (Compl. ¶¶ 83-84.)

## II.    Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

7.    Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

8.    Plaintiff estimates that the putative class "includes at least thousands of Members." (Compl. ¶ 73.)

9.    The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

10.    According to the allegations in the Complaint, Plaintiff is a resident and citizen of Illinois. (Compl. ¶ 11.)

11.    Defendant is a Delaware corporation with its headquarters and principal place of business in New York, New York. (Compl. ¶ 12.)

12.    Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

---

[2]    By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

13.    Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)–(4).

14.    For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15.    Plaintiff seeks "declaratory relief," injunctive and equitable relief," "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)" and "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)."  (Compl. ¶¶ 85, 95, 104.)

16.    Because Plaintiff is seeking statutory damages of up to $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief, and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

17.    This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

---

[3]    If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

### III.    Venue

18.    Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

19.    Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Lemonade Inc. hereby removes this civil action to this Court on the bases identified above.

Dated:  August 24, 2021                      LEMONADE INC.

By:  /s/ Amy L. Lenz

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
Amy L. Lenz (alenz@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on August 24, 2021, to:

CARLSON LYNCH, LLP
Katrina Carroll
Kyle A. Shamberg
Nicholas R. Lange
111 W. Washington Street, Suite 1240
Chicago, IL 60602
Telephone: (312) 750-1265
kcarroll@carlsonlynch.com
kschamberg@carlsonlynch.com
nlange@carlsonlynch.com

Gary F. Lynch
Kelly K. Iverson
Jamisen A. Etzel
Nicholas A. Colella
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
glynch@carlsonlynch.com
kiverson@carlsonlynch.com
jetzel@carlsonlynch.com
ncolella@carlsonlynch.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Joseph P. Guglielmo
Erin Green Comite
Joseph A. Pettigrew
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
ecomite@scott-scott.com
jpettigrew@scott-scott.com

*Attorneys for Plaintiffs & the Proposed Class*

/s/ Amy L. Lenz

6